UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: BRIDGESTONE FIRESTONE, INC., | § | Master File No. IP 00-9374-C-B/S |
| TIRE PRODUCTS LIABILITY ACTION | § | MDL No. 1373 |
| | § | |
| This Document Relates to: | § | |
| | § | |
| PATRICIA MORALES CRUZ, et al. | § | |
| v. | § | Case No. 1:04-cv-5804-SEB-DML |
| BRIDGESTONE FIRESTONE, INC., et al. | § | |
| | § | |
| GERMAN HERNANDEZ GARCIA, et al. | § | |
| v. | § | Case No. 1:04-cv-5819-SEB-DML |
| BRIDGESTONE FIRESTONE, INC., et al. | § | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS BASED ON *FORUM NON CONVENIENS* OR, ALTERNATIVELY, DISMISSAL FOR WANT OF PROSECUTION**

Defendants Bridgestone Americas Tire Operations, LLC and Ford Motor Company file this Supplemental Memorandum in Support of Motions to Dismiss Based on *Forum Non Conveniens* or, Alternatively, Dismissal for Want of Prosecution. This supplemental memorandum addresses two recent decisions that support dismissal of these cases based on *forum non conveniens*, and also discusses the plaintiffs' continued failure to prosecute these cases and comply with the Court's orders.

**I.      Introduction**

These cases are ripe for dismissal on either of two grounds. First, these Mexican accident/Mexican plaintiff cases are indistinguishable from another case that this Court recently dismissed based on *forum non conveniens*: *Monica del Carmen Gonzalez Servin v. Ford Motor Co., et al.* As in that case, the plaintiffs here have not directly contested Mexico's availability as an alternate forum and have not presented any proof demonstrating that the Mexican courts are unavailable to them. These cases are thus distinguishable from another group of cases—*Antonio*

*Guevara Mendoza, et al.*—where the Court denied defendants' *forum non conveniens* motions because the plaintiffs vigorously contested the availability issue and presented evidence on that issue.

Furthermore, after the *Mendoza* cases were remanded to the Western District of Texas, the Fifth Circuit granted mandamus relief and ordered those cases dismissed based on *forum non conveniens*. *See In re Ford Motor Co.*, 591 F.3d 406, 417 (5th Cir. 2009), *cert. denied*, 78 U.S.L.W. 3566 (U.S. June 21, 2010) (No. 09-1124). Yesterday, the Supreme Court denied the plaintiffs' petition for writ of certiorari in those cases. The Fifth Circuit's decision should control these cases, which were also transferred from the Western District of Texas and would return there for trial. In light of the Fifth Circuit's decision and this Court's decision in *Gonzalez Servin*, the Court should dismiss these cases under the *forum non conveniens* doctrine.

Alternatively, this Court should dismiss these cases based on plaintiffs' failure to prosecute them and failure to comply with the Court's orders. The plaintiffs did not respond to this Court's show-cause order in January 2007. Although the Court gave the plaintiffs a second chance in another show-cause order in July 2007, the plaintiffs did not timely respond to that order either. When they finally filed a response, they (1) offered no proof in support of their claim that their failure to respond was not the result of conscious indifference and (2) did not move for leave to file a late response until another month had passed. In the nearly three years since those filings, the plaintiffs have not lifted one finger to prosecute these cases. The plaintiffs' actions (or, more precisely, lack thereof) confirm that they have no intention of prosecuting their claims or complying with this Court's orders. Thus, if the Court does not dismiss these cases based on *forum non conveniens*, it should dismiss them for lack of prosecution.

## II.      Procedural History

These cases were originally filed in Texas state court, then removed to the Western District of Texas, and later transferred to this Court for consolidated pretrial proceedings.  Ford and Bridgestone Firestone moved to dismiss the cases based on *forum non conveniens* and filed supporting memorandums and proof, including expert affidavits.[1]  The plaintiffs filed responses in opposition but did not directly contest Mexico's availability as a forum for their claims.  The plaintiffs instead limited their response on the availability issue to two observations: (1) the Supreme Court's decision in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) does not stand for the proposition that a defendant's unilateral submission to an alternate jurisdiction will establish availability in every case; and (2) any such rule would make the availability of the alternate forum dependent on the defendant's will or grace.[2]  Moreover, the plaintiffs did not present any expert testimony or other proof showing that the Mexican courts are unavailable to them.

On January 3, 2007, this Court ordered the plaintiffs in these and other similar cases to show cause within 15 days why their cases should not be dismissed based on *forum non conveniens* in light of the Court's dismissal of the *Manez* case.[3]  The order also warned:  "A failure to respond will be interpreted as an accession to the court's prior dismissal order and will

---

[1] *See* Defendant Ford Motor Company's Brief in Support of Its Motion to Dismiss for *Forum Non Conveniens*, filed in the *Patricia Morales Cruz* case on January 19, 2005; Defendant Ford Motor Company's Motion to Dismiss for *Forum Non Conveniens* and Memorandum in Support of Same, filed in the *German Hernandez Garcia* case on August 11, 2005; [Bridgestone Firestone's] Joinder in Ford Motor Company's Motion to Dismiss for *Forum Non Conveniens* and Memorandum in Support of Same, filed in the *German Hernandez Garcia* case on August 18, 2005; [Bridgestone Firestone's] Motion to Adopt and Join All Previous Filings Relating to *Forum Non Conveniens* and Request for Judicial Notice Thereof, filed in these and other cases on December 7, 2006.

[2] *See* Plaintiffs' Response to Defendant's Motion to Dismiss for *Forum Non Conveniens*, filed in *Patricia Morales Cruz, et al. v. Firestone, Inc., et al.* on February 3, 2005, at pp. 3-4; Plaintiffs' Response to Defendant Ford Motor Company's Motion to Dismiss for *Forum Non Conveniens*, filed in *German Hernandez Garcia, et al. v. Bridgestone/Firestone, et al.* on August 22, 2005, at pp. 4-5.

[3] *See* Order to Show Cause, signed in these and other cases on January 3, 2007.

result in the dismissal of any such cause as well."[4]   Despite that unequivocal warning, the plaintiffs in these cases never responded to that order.

In February 2007, after the plaintiffs in another case filed a response to the show-cause order, Ford and Bridgestone Firestone filed a reply to that filing.   The reply noted that the plaintiffs in these two cases had not responded to the show-cause order and, accordingly, asked the Court to dismiss these cases.[5]   Even after that prompt, however, the plaintiffs in these cases still did not respond to the Court's show-cause order.

Six months later, in an order dated July 16, 2007, this Court noted that the plaintiffs had failed to respond to the January 2007 show-cause order and gave them another chance.   The order allowed them another 15 days—or until July 31, 2007—to show cause in writing why these cases should not be dismissed for want of prosecution.[6]   The second show-cause order also admonished plaintiffs, in bold print, of the consequences of failing to timely respond:   "**THE FAILURE TO FILE A TIMELY RESPONSE TO THIS ORDER TO SHOW CAUSE WILL RESULT IN THE DISMISSAL OF THESE CASES WITH PREJUDICE.**"[7]

The plaintiffs did not timely respond to the second show-cause either.   On August 3, 2007, three days after the deadline, the plaintiffs filed a conclusory response claiming that their failure to respond to the order was the result of "error" rather than conscious disregard.[8] But the plaintiffs did not bother to attach an affidavit to support that claim or to submit a motion for

---

[4] *Id.* at p. 5.

[5] *See* Defendants' Reply to Plaintiffs' Show Cause Filings, filed in these and other cases on February 23, 2007, at p. 2.

[6] *See* Order to Show Cause, signed in these cases on July 16, 2007.

[7] *Id.* at pp. 1-2.

[8] *See* Plaintiffs' Response to Order to Show Cause, filed in these cases on August 3, 2007, at p. 2.

4

leave to file an untimely response. Ford and Bridgestone Firestone moved to strike the late response and also filed a reply to the response, requesting in both filings that the cases be dismissed for want of prosecution.[9] It was not until a month after filing the belated response that the plaintiffs got around to filing a motion for leave to file the late response.[10] Ford and Bridgestone Firestone then filed a response to the motion for leave in which they requested that the Court deny leave and dismiss the cases for want of prosecution.[11]

The Court has yet to rule on the plaintiffs' motion for leave to file a late response or Ford and Bridgestone Firestone's motion to strike the late response. Additionally, in the nearly three years since those filings, plaintiffs have not filed anything else with the Court or taken any other steps to prosecute their claims.

## III.   Argument

### A.   Dismissal Based on Forum Non Conveniens

#### 1.   Plaintiffs have not contested the availability of the Mexican forum

Ford and Bridgestone Firestone's *forum non conveniens* motions and briefs offered to consent to the jurisdiction of a Mexican court and cited case law from this Court and others stating that such offers establish the availability of Mexican courts.[12] In connection with those

---

[9] *See* Motion to Strike Plaintiffs' Response to Order to Show Cause, or in the Alternative, Enlargement of Time to File a Response, filed in these cases on August 17, 2007, at p. 3; Defendants' Reply to Plaintiffs' Response to Show Cause Order and Alternative Request for Certification Pursuant to 28 U.S.C. § 1292(b), filed in these cases on August 30, 2007, at p. 7.

[10] *See* Plaintiffs' Motion for Leave to File Response to Order to Show Cause, filed in these cases on September 5, 2007.

[11] *See* Defendants' Response to Plaintiffs' Motion for Leave to File Response to Show Cause Order, filed in these cases on September 19, 2007, at p.1.

[12] *See* Defendant Ford Motor Company's Brief in Support of Its Motion to Dismiss for *Forum Non Conveniens*, filed in the *Patricia Morales Cruz* case on January 19, 2005, at p. 6; Defendant Ford Motor Company's Motion to Dismiss for *Forum Non Conveniens* and Memorandum in Support of Same, filed in the *German Hernandez Garcia* case, on August 11, 2005, at pp. 4-5; [Bridgestone Firestone's] Joinder in Ford Motor Company's Motion to Dismiss for *Forum Non Conveniens* and Memorandum in Support of Same, filed in the *German Hernandez Garcia*

1524402v1

and subsequent filings, Ford and Bridgestone Firestone also submitted affidavits and declarations from Mexican law experts proving that Mexican courts could exercise jurisdiction or territorial competence pursuant to the express or tacit agreement of the parties or pursuant to the Federal Commercial Code.[13]   Furthermore, with respect to the *German Hernandez Garcia* case, Ford and Bridgestone Firestone presented an expert declaration showing that, independent of any express or tacit submission by the parties, the courts of Guanajuato would have territorial competence over the parties merely because the accident occurred in that state.[14]

Again, the plaintiffs did not directly contest Mexico's availability as a forum in their responses.  They did not present any evidence purporting to show that the courts of Mexico are unavailable to them either.  In particular, they did not present the *ex parte* dismissal orders that plaintiffs in other cases have relied upon.[15]   Nor did the plaintiffs submit a declaration by any expert on Mexican law and procedure.

---

case, on August 18, 2005; [Bridgestone Firestone's] Motion to Adopt and Join All Previous Filings Relating to *Forum Non Conveniens* and Request for Judicial Notice Thereof, filed in these cases on December 7, 2006.

[13] *See* Affidavit of Professor Jose M. Serna de la Garza Concerning the Laws of Yucatan, Mexico, attached as Exhibit I to Defendant Ford Motor Company's Brief in Support of Its Motion to Dismiss for *Forum Non Conveniens*, filed in the *Patricia Morales Cruz* case on January 19, 2005, at pp. 26-27; Affidavit of Carlos Sodi Serret, Ex. J to Defendant Ford Motor Company's Brief in Support of Its Motion to Dismiss for *Forum Non Conveniens*, filed in the *Patricia Morales Cruz* case on January 19, 2005, at p. 6; Declaration of Licenciado Emilio Gonzalez de Castilla del Valle, Ex. B, Tab 16 to Defendants' Reply to Plaintiffs' Show Cause Filings filed in these and other cases on February 23, 2007, at p. 11; Declaration of Licenciado Emilio Gonzalez de Castilla del Valle, Ex. A, Tab 2 to Defendants' Reply to Plaintiffs' Show Cause Filings filed in these and other cases on February 23, 2007, at  pp. 5-6; Declaration of Licenciado Emilio Gonzalez de Castilla del Valle, Ex. 1 to Defendants' Reply to Plaintiffs' Response to Show Cause Orders and Alternative Request for Certification Pursuant to 28 U.S.C. § 1292(b), filed in these cases on August 30, 2007, at pp. 2-8.

[14] Declaration of Licenciado Emilio Gonzalez de Castilla del Valle, Ex. 1 to Defendants' Reply to Plaintiffs' Response to Show Cause Orders and Alternative Request for Certification Pursuant to 28 U.S.C. § 1292(b), filed in these cases on August 30, 2007, at p. 6.

[15] *See* Plaintiffs' Response to Defendant's Motion to Dismiss for *Forum Non Conveniens*, filed on February 3, 2005 in *Patricia Morales Cruz, et al. v. Firestone, Inc., et al.*, at p. 4; Plaintiffs' Response to Defendant Ford Motor Company's Motion to Dismiss for *Forum Non Conveniens*, filed on August 22, 2005 in *German Hernandez Garcia, et al. v. Bridgestone/Firestone, et al.*, at pp. 4-5.

1524402v1

This Court recently dismissed a similarly-postured Mexican accident/Mexican plaintiff case—*Gonzalez Servin*—based on *forum non conveniens*.  In determining that Mexico provided an available forum for those plaintiffs, the Court noted that the defendants had stipulated to consent to the jurisdiction of Mexican courts and that the plaintiffs had failed to challenge the adequacy of the stipulation or present any evidence that the Mexican courts would not accept the stipulations.[16]  On that basis, the Court distinguished its ruling in the *Mendoza, et al.* cases, where the plaintiffs had "vigorously disputed" the availability issue.[17]  The Court also concluded that the defendants had presented evidence from a "well-qualified and credible expert regarding Mexican law"—Professor Jose Maria Serna de la Garza—showing that Mexican courts would, in fact, have territorial competence over the case.[18]  Specifically, the Court noted that the accident occurred in Guanajuato—the same state where the accident in the *German Hernandez Garcia* occurred—and that Professor Serna's affidavit showed the courts of Guanajuato would have territorial competence, even in the absence of a jurisdictional stipulation, based on the fact that the accident occurred in that state.[19]

These cases are analogous to *Gonzalez Servin* and other MDL cases, such as *Manez*, in which the Court concluded that the Mexican courts provided an available forum based on the defendants' stipulations and the plaintiffs' failure to contest the effectiveness of those stipulations.  For the same reason, these cases are readily distinguishable from the group of cases—*Mendoza, et al.*—in which the plaintiffs vigorously contested that issue.  And, in any

---

[16] *See* Order Granting Defendants' Motion to Dismiss Based on *Forum Non Conveniens*, signed on April 19, 2010 in *Monica Del Carmen Gonzalez Servin, et al. v. Ford Motor Co., et al.*, No. IP-5837-C-B/S, at pp. 5-6.

[17] *Id.* at pp. 3-4, 6 and n.4 (citing July 16, 2007 Entry in *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Action*, Master File No. IP 00-9374-C-B/S, MDL No. 1372, Master Docket No. 3810 (S.D. Ind. 2007).

[18] *Id.* at 6-7 and n.5.

[19] *Id.* at 7.

1524402v1

event, the expert affidavits and declarations in the record confirm that Mexico is an available forum.  Accordingly, this Court should rule that the Mexican courts are available to the plaintiffs and dismiss these cases based on *forum non conveniens*.[20]

**2.      A recent Fifth Circuit decision requires dismissal of these cases**

Furthermore, following the remand of the *Mendoza, et al.* cases to the Western District of Texas, the Fifth Circuit granted mandamus relief and ordered the district court to dismiss those cases in favor of the available Mexican forum.  *See In re Ford Motor Co.*, 591 F.3d 406, 417 (5th Cir. 2009), *cert. denied*, 78 U.S.L.W. 3566 (U.S. June 21, 2010) (No. 09-1124).   In granting mandamus relief, the Fifth Circuit concluded that:

- its precedent controlled the question of Mexico's availability as a forum;

- its precedent created a "nearly airtight presumption that Mexico is an available forum";

- the plaintiffs' evidence, including the *ex parte* dismissal orders from Mexican courts in other cases, was insufficient to overcome that presumption; and

- the district court in Texas clearly erred in failing to dismiss the cases based on *forum non conveniens*.

*Id.* at 412-14 and n.15.

These cases, like those before the Fifth Circuit, were transferred from the Western District of Texas and would return there for trial.  The availability question in these cases therefore should be controlled by Fifth Circuit precedent.  Based on the Fifth Circuit's decision

---

[20] This supplemental memorandum addresses only the availability of the alternate forum, as opposed to the adequacy of that forum and the private and public interest factors, because the Court has previously ruled, in other Mexican accident/Mexican plaintiff cases, that Mexico is an adequate forum and that those factors weigh in favor of dismissal.  *See In re Bridgestone/Firestone, Inc.*, 305 F. Supp. 2d 927, 932-39 (S.D. Ind. 2004), *vacated and remanded on other grounds*, 420 F.3d 702 (7th Cir. 2005); Order Granting Defendants' Motion to Dismiss Based on *Forum Non Conveniens*, signed on April 19, 2010 in *Monica Del Carmen Gonzalez Servin, et al. v. Ford Motor Co., et al.*, No. IP07-5837-C-B/S, at pp. 7-20.  Ford and Bridgestone Firestone have briefed those issues in their original *forum non conveniens* motions and supporting memorandums in these cases and will not repeat those arguments here.

in *In re Ford Motor Co.*, these cases should be dismissed under the *forum non conveniens* doctrine.

B.      *Dismissal for Want of Prosecution and Failure to Comply With Court's Orders*

There is an alternative ground to dismiss these cases as well. When a plaintiff fails to prosecute his or her case or fails to comply with a court order, the Court may dismiss the case. Fed. R. Civ. P. 41(b).   The dismissal operates as an adjudication on the merits unless the dismissal order states otherwise.  *Id.*

The plaintiffs have unquestionably failed to comply with the Court's orders.  They never responded to the Court's initial show-cause order in January 2007, despite the order's explicit warning that a failure to respond within fifteen days would result in dismissal of their cases. When the Court generously gave them a second chance by issuing another show-cause order in July 2007, they were late in responding, despite a bold-print warning that the failure to file a timely response "will result in the dismissal of these cases with prejudice."[21] Moreover, the plaintiffs did not present any evidence in support of their claim that their failure to timely respond was not the result of conscious disregard, and did not bother to move for leave to file their late response until a month after they filed it.

Additionally, this Court's Local Rules provide that civil actions in which no actions have been taken for a period of six months may be dismissed after twenty-eight days' notice from the Court. *See* Loc. R. 41.1.  The plaintiffs have taken no action whatsoever to prosecute their claims in the almost three years since they moved for leave to file a late response to the show-cause order.  The plaintiffs plainly do not intend to prosecute their claims.  As a result, these cases should be dismissed.

---

[21] *See* Order to Show Cause, signed in these cases on July 16, 2007, at pp. 1-2.

## IV.   Conclusion

For these reasons and the reasons stated in Ford and Bridgestone Firestone's prior briefing, this Court should dismiss these cases based on *forum non conveniens*.  Alternatively, this Court should strike plaintiffs' untimely response to the show-cause order and dismiss these cases based on plaintiffs' failure to prosecute and failure to comply with this Court's orders.

Respectfully submitted,

/s/ Wade Crosnoe

**FROST BROWN TODD LLC**
Kevin Schiferl
Nelson Alexander
201 North Illinois Street, Suite 1000
Post Office Box 44961
Indianapolis, Indiana 46244
Telephone: (317) 237-3819
Facsimile: (317) 237-3900

**KRIEG DEVAULT LLP**
Mark J.R. Merkle
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Telephone: (317) 238-6219
Facsimile: (317) 636-1507

**VINSON & ELKINS, L.L.P.**
Knox D. Nunnally
Phillip B. Dye, Jr.
First City Tower
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 758-2048
Facsimile: (713) 615-5766

**THOMPSON COE**
Michael W. Eady
Wade Crosnoe
701 Brazos Street, Suite 1500
Austin, Texas 78701
Telephone: (512) 703-5084
Facsimile: (512) 708-8777

**HOLLAND & KNIGHT LLP**
Colin Smith
131 South Dearborn Street, Suite 3000
Chicago, Illinois 60603
Telephone: (312) 263-3600
Facsimile:  (312) 578-6666

*Attorneys for Defendant Ford Motor Company*

*Attorneys for Defendant Bridgestone Americas Tire Operations, LLC*

1524402v1

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was filed electronically on June 22, 2010, and that notice of this filing was sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  Additionally, a paper copy of this document was served on plaintiffs' counsel by certified mail, return receipt requested, at the following address:

Robert Schell
Law Office of Mark A. Cantu
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501
*Counsel for Plaintiffs*

/s/ Wade Crosnoe
Wade Crosnoe

11

1524402v1